JOHN M. KEON or STELLA MAE CAMPBELL ET AL., Plaintiffs and Appellees, *v.* FRANCISCO MARTÍNEZ MARRERO, Defendant and Appellant.

No. 4644. Argued July 21, 1929.—Decided July 26, 1929.

E. *Campillo*, for appellant.   *L. Muñoz Morales* and *José N. Quiñones*, for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Plaintiffs herein claimed as their property a certain parcel of land in the possession of defendant and the court rendered judgment for them. The defendant appealed and has assigned nine errors.

We will disregard the first because it is not discussed in the brief.

The second refers to the refusal to admit in evidence certain deed offered by defendant because the same was not recorded in the registry of property. The court admitted it conditionally when it was offered, but when finally deciding the case the court rejected it basing its action on the aforesaid circumstance, on article 389 of the Mortgage Law and on the authority of *Alvarez* v. *Estate of Chavier,* 13 P.R.R. 71.

In the above-cited case this court, through Mr. Justice Mac Leary, said:

"Article 389 of the Mortgage Law reads as follows:

" 'From the time this law goes into operation, no document or instrument which has not been recorded in the registry shall be admitted in the ordinary or special courts or tribunals, in the councils or offices of the Government, by which interests subject to record are created, conveyed, acknowledged, modified, or extinguished, according to the same law, if the object of the presentation be to enforce, to the prejudice of third persons, the interests which should have been recorded.

" 'Notwithstanding the provisions of the preceding article, the document which has not been recorded, but which should have been, may be admitted to the prejudice of third persons, if the object of the presentation be only to corroborate another subsequent instrument which had been recorded.

" 'This document may also be admitted, if it is presented to demand a declaration of nullity and consequent cancellation of some entry which prevents the record of said document.'

"This article is not applicable to the present case, because the plaintiff has not presented to the court any document that had been admitted to record and should have been rejected, and moreover it does not appear that the defendant, as regards the plaintiff, should be considered as a third person. In the case of *Pedro Auffant* v. *Raimundo Valdecilla and others,* decided on the 24th of July, 1900 this court said:

" 'According to the doctrine of the judgments of the Supreme Court of Madrid of the 17th of May and the 12th of December 1898, a party may be considered as a third person within the meaning of sections 23, 25 and 27 of the Mortgage Law only when he has previously recorded his title upon the estates or interests which are the object of the suit, and section 389 of said law, which prescribes that titles which should be recorded, but have not been recorded, should not be admitted by the courts, is applicable only to such titles as may prejudice third persons within the meaning which this phrase has for the purposes of our mortgage system.'

"According to this doctrine it is plain that the defendant cannot be considered as a third person until it may have been proven to the satisfaction of the court that he has recorded in the registry of property some real title covering the property in question. So far no

evidence whatever appears in the record which tends to sustain this point.''

After a careful consideration we think that the error assigned does not exist. It would seem useful to transcribe here the reasoning of appellees in support of that conclusion. It is as follows:

''If the defendant is actually in possession of the land to which that title refers it was unnecessary for him to offer it in evidence because that is not the land claimed by the plaintiffs. If defendant is actually occupying the parcel of land claimed by plaintiffs and covered by the latter's title, then he had no right to introduce the title in question to controvert or challenge the title of the plaintiffs because this would be in contravention of the provisions of Article 389 of the Mortgage Law whose text is clear and definite, the jurisprudence cited by the defendant in support of his contention being inapplicable.

''On the other hand, it has been shown by the evidence that the 8 acres of land in question which defendant purchased from Santiago Acevedo in 1909 are the same which he included in the dominion title proceedings instituted in 1910 relative to the 23 acres and which later on were the subject of successive conveyances until they came into the possession of plaintiffs, as it appears from the records made in the registry of property.

''The concrete question which has been raised in the present case is whether or not the seven acres of land occupied by the defendant are included in the property whose ownerhip is held by the plaintiffs. This concrete issue has been skillfully avoided by the defendant notwithstanding the overwhelming evidence in support of the position of the plaintiffs.''

The third and fourth assignments are without merit. The records of prior injunction proceedings to recover possession instituted by former owners of the property which defendant sought to introduce in evidence were inadmissible because such proceedings do not settle the issue of ownership, they being confined to the fact of possession.

The fifth assignment is unimportant. Even if the court had made a mistake in mentioning 1924 as the year when defendant took possession of the land in question, such inad-

vertence would not alter the judgment rendered. It would always turn out that defendant, after he had sold in 1919 the 31-acre parcel to Thyboe and the latter had taken possession of the entire tract, unlawfully seized that portion of the property which he still occupies and which is the subject of this suit.

The sixth error was properly assigned.

It was held by the trial court in its statement of the case and opinion that there is no other evidence as to the fruits grown on the parcel in question and which defendant received than the latter's own testimony, and so it is indeed. Upon examining that testimony we find that $207, the amount of the proceeds of the sugar harvested, corresponded to the 1925–1926 crop, defendant having testified that in 1927, in which year the trial took place and the plaintiffs herein bought the property, nothing was grown on said parcel. That being so, nothing by way of mesne profits should have been adjudged to be reimbursed to the plaintiffs by the defendant.

The eighth assignment is not discussed in the brief; and the seventh and the ninth refer to the weighing of the evidence.

In our opinion it can not be successfully argued that the judgment is not supported by the evidence. It was defendant himself who, after consolidating several parcels of land which he had acquired established his dominion title and recorded in his name in the registry the thirty one acres which he sold in 1919 to Albert H. Thyboe. Thyboe sold five of them to Maximina, a daughter of the defendant, and the rest were acquired at a public sale by Ernest Richardson, who sold them in 1925 to John M. Khon, who in turn conveyed the same to their present owners, plaintiffs herein, by a public instrument executed on April 28, 1927.

The evidence introduced to prove that the seven or eight acres in the possession of defendant were included within the twenty-six or twenty-seven acres belonging to plaintiffs was diversified, specific and abundant.

The persistence and vigor with which defendant has been urging his supposed right for years in several suits is really impressive; but when this revendicatory action was reached and the root of the title of plaintiffs and the real facts were probed, the superior right of plaintiffs became established. It was so recognized by a court of justice whose decision, challenged on appeal, has withstood the attack and is left standing as the final decision that must be respected.

The judgment appealed from must be affirmed except in so far as it adjudges defendant to pay to plaintiffs $207 as fruits.